# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3337 | **DATE** | 12/11/2000 |
| **CASE TITLE** | Jay Pierce vs. Mark Pawelski, a Chicago Police Officer, and Thomas Munyon, a Chicago Police Officer | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ■ Status hearing set for 1/4/01 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss portions of plaintiff's complaint [34] is granted in part and denied in part. Pierce's state law claims for false arrest and false imprisonment are dismissed as time-barred. The remaining claims may stand. This case is set for status on Thursday, January 4, 2001 at 9:30 A.M.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| ✓ | Notified counsel by telephone. | DEC 14 2000 date docketed | |
| ✓ | Docketing to mail notices. | | 41 |
| | Mail AO 450 form. | FILED FOR DOCKETING 00 DEC 14 AM 7: 24 | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| RJ | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAY PIERCE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 98 C 3337 |
| | ) |
| MARK PAWELSKI, a Chicago Police | ) Judge Joan B. Gottschall |
| Officer, and THOMAS MUNYON, a | ) |
| Chicago Police Officer, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jay Pierce has brought this civil rights action pursuant to 42 U.S.C. §1983 against Chicago police officers Mark Pawelski and Thomas Munyon for violating his constitutional rights. He alleges that defendants arrested and incarcerated him for drug and firearm violations without probable cause, and that they provided false information in support of his prosecution. Defendants have moved to dismiss portions of Pierce's second amended complaint.

## Background

On June 3, 1996, Pawelski and Munyon, along with other Chicago police officers, were near 737 North Mayfield Avenue because they had been tipped off that a drug delivery might occur at that address. Defendants had been given a description of the person who allegedly was to accept delivery of the drugs. Although Pierce alleges that he did not match the description of the suspect, he was arrested. According to Munyon, Pierce was observed dropping a bag to the ground which contained tin foil packets of heroin. Pierce was charged with narcotics and gun offenses, and the court set bail at $600,000. Unable to raise bond, Pierce remained in the Cook

County Jail from June 3, 1996 until his bench trial on May 11, 1998. At trial, Pierce was acquitted of all charges.

Pierce alleges that Munyon and Pawelski fabricated evidence to incriminate him at trial. Specifically, Pierce accuses them of falsely reporting that they had seen Pierce drop narcotics and a gun; that the defendants generated false police reports, lab analyses and "other documents" to create incriminating evidence against Pierce; and that the defendants gave false testimony at Pierce's trial. Pierce's four-count second amended complaint[1] includes: one count under § 1983 for false arrest, continued arrest, malicious prosecution, wrongful detention, and false imprisonment; one state law count for false arrest, false imprisonment and malicious prosecution; one state law count for intentional infliction of emotional distress ("IIED"); and one count seeking damages against the City of Chicago pursuant to 745 ILCS 10/9-102. Defendants have moved to dismiss portions of the second amended complaint.

## Discussion

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not decide the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss, the court assumes that the allegations contained in the complaint are true and construes them in the light most favorable to the plaintiff. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). A complaint should not be dismissed unless it is beyond doubt that the plaintiff cannot prove any set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

---

[1] Although captioned the "First Amended Complaint," in reality the complaint filed May 2, 2000 is Pierce's second amended complaint.

Defendants argue that Counts II and III of Pierce's complaint are time-barred under the the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101, *et seq.* The Act provides that "[n]o civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101. Pierce alleges that Munyon and Pawelski were employees of the Chicago Police Department and acting within the scope of their employment and under color of law at the time his rights were violated. Therefore, the Act applies.

Although Illinois state law provides the relevant statute of limitations, federal law determines the time of accrual. Because Pierce was arrested on June 3, 1996, he had until June 3, 1997 to file any state law claims that accrued at the time of the arrest. The false arrest and false imprisonment claims fall into this category. Under Illinois law, the "essential elements of a cause of action for false arrest or false imprisonment are that the plaintiff was restrained or arrested by the defendant, and that the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff." *Meerbrey v. Marshall Field and Co.*, 564 N.E.2d 1222, 1231 (Ill. 1990). Pursuant to this standard, Pierce knew, or reasonably should have known, of the facts underlying his false arrest and false imprisonment claims at the time he was arrested. Because he did not file his complaint until May 28, 1998, the court finds that the claims are time-barred.

Pierce concedes that the false arrest claim is time-barred, *see Kelley v. Myler*, 149 F.3d 641, 645 (7th Cir. 1998) (holding that false arrest claim accrues at time of arrest), but contends that the false imprisonment claim is timely because "he was falsely imprisoned based on

3

defendants' actions at all times from June 3, 1996 through May 11, 1998." (Resp. at 9) A similar argument was raised and rejected in *Sandutch v. Muroski*, 684 F.2d 252 (3d Cir. 1982). The plaintiff in that case contended that "his continuing incarceration is a continuing tort, because as long as he continues to be incarcerated, he continues to suffer the injury of false imprisonment." *Id.* at 254. The Third Circuit rejected this argument, reasoning that a "continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Id.* (quoting *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)). Because the plaintiff had not alleged unlawful acts by the defendants within the limitations period, but rather "continuing ill effects from pre-conviction acts," the claim was untimely. *Id. See also Ford v. City of Rockford*, No. 88 C 20323, 1990 WL 304240, at *2 (N.D. Ill. May 10, 1990) (holding that plaintiff "was not undergoing additional and continuing unlawful acts as a result of his allegedly unlawful confinement," but was "experiencing the ill effects of his and/or Defendants' pre-trial acts"). This case falls within the ambit of *Sandutch*. Other than their testimony at trial, Pierce does not allege any wrongful acts by defendants after they supplied the information leading to his initial incarceration. The allegedly false testimony given by defendants at trial did not cause Pierce to suffer additional false imprisonment, as he was acquitted and released at the trial's conclusion.

Pierce relies on *Seaton v. Kato*, No. 94 C 5691, 1995 WL 88956 (N.D. Ill. Mar. 1, 1995), for the proposition "that a cause of action for false imprisonment does not accrue until the underlying criminal case ends favorably for the plaintiff, as with an acquittal or reversal of conviction." (Resp. at 9) In *Seaton*, the plaintiff alleged that police officers caused him to confess falsely to murder by beating him. The court ruled that the plaintiff's claims for false

4

imprisonment and excessive force under section 1983 did not accrue until the Illinois Appellate Court reversed his conviction. *Id.* at *5. The court based its ruling on *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court held that "a Section 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-90. *Heck*'s analysis does not govern Pierce's state law claims. *See Seaton*, 1995 WL 88956, at *7 ("Unlike Seaton's claims under section 1983, which are governed by *Heck*, the state law claims accrued when the injury occurred."). Because Pierce's false arrest and imprisonment claims accrued on June 3, 1996, when he was arrested and imprisoned, they are time-barred.

The elements making up Pierce's malicious prosecution and IIED claims warrant a different conclusion as to the time of their accrual. To state a malicious prosecution claim, a plaintiff must allege (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff. *Meerbrey*, 564 N.E.2d at 1231. Because Pierce's criminal proceeding did not terminate in his favor until May 11, 1998, his claim for malicious prosecution did not accrue until that date. *See, e.g., Williams v. Heavener*, No. 97 C 0890, 1998 WL 102746, at *4 (N.D. Ill. Feb. 26, 1998) (holding that malicious prosecution claim did not accrue until plaintiff received "not guilty" judgment).

Similarly, Pierce's IIED claim is based not just on the events occurring on the day of his arrest, but on defendants' participation in his wrongful prosecution and their allegedly false testimony at his trial. Accordingly, the IIED claim did not accrue until Pierce's trial concluded

5

and he was acquitted. *See Santiago v. Marquez*, No. 97 C 2775, 1998 WL 160878, at *3 (N.D. Ill. Mar. 31, 1998) ("The intentional infliction of emotional distress claim, which realleges not only the wrongful arrest and beating but all of the events by which the Police Defendants sought to cover up the beating up to and including the false charges and the malicious prosecution, did not accrue . . . until the state criminal proceedings were terminated in Santiago's favor.").

Even though Pierce's malicious prosecution and IIED claims were not expressly pled until his appointed counsel filed an amended complaint on May 2, 2000, the court believes that those claims relate back to May 28, 1998, when Pierce's *pro se* complaint was filed. While Pierce may not have expressly set forth the legal terminology constituting his state law causes of action, he sufficiently set forth the facts underlying those causes of action. Under Federal Rule of Civil Procedure 15(c)(2), an amended complaint relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." In general, relation back is permitted "where an amended complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." *Bularz v. Prudential Ins. Co.*, 93 F.3d 372, 379 (7th Cir. 1996). "Thus, a new substantive claim that would otherwise be time-barred relates back to the date of the original pleading, provided the new claim stems from the same 'conduct, transaction, or occurrence' as was alleged in the original complaint; for relation back to apply, there is no additional requirement that the claim be based on an identical theory of recovery." *Id.* The relationship between Pierce's original and amended pleadings satisfies this standard. Because Pierce filed his *pro se* complaint within one year of his acquittal and release, his state law claims for malicious

6

prosecution and IIED are timely.

Defendants argue that Count III of Pierce's amended complaint should be dismissed to the extent that it is brought as a constitutional violation because Pierce cannot state a claim for intentional infliction of emotional distress under 42 U.S.C. § 1983. Pierce does not respond to this argument, but his complaint gives no indication that Count III is brought as a constitutional violation, rather than as a state law claim within this court's supplemental jurisdiction. In contrast to Count I, there is no reference to section 1983, and no attempt to plead facts supporting a section 1983 claim. If Pierce intended to bring the IIED claim as a federal constitutional violation, he must amend his complaint to so indicate. Under these circumstances, an order of dismissal is inappropriate, as defendants are challenging a claim that has not been pled.

Defendants seek dismissal of Count I's references to "continued arrest" and "wrongful detention" for failing to state cognizable claims under section 1983. Defendants argue that Pierce's wrongful detention claim fails because the complaint does not allege that he was denied a probable cause hearing within 48 hours of his arrest pursuant to *Gerstein v. Pugh*, 420 U.S. 103 (1975). Contrary to defendants' portrayal, conducting a hearing within 48 hours is not an absolute bar to Pierce's claim. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) ("This is not to say that the probable cause determination in a particular case passes constitutional muster simply because it is provided within 48 hours. Such a hearing may nonetheless violate *Gerstein* if the arrested individual can prove that his or her probable cause determination was delayed unreasonably."). Pierce doesn't pursue this line of argument, but contends that his wrongful detention claim goes to damages, and that even if a probable cause hearing was held within the proper time frame, he is entitled to damages for his incarceration

7

from the time of his arrest until the hearing. In this regard, Pierce's wrongful detention claim is not based on defendants' detaining him without a hearing, but on the fact that he was detained at all. Based on this representation, the court perceives no need to strike Pierce's reference to "wrongful detention" from Count I.

As for Pierce's continued arrest claim, defendants argue that it is superfluous because it bears only on the damages already encompassed by his claims for false arrest, false imprisonment, and malicious prosecution. Pierce agrees with defendants' contention that the "continued arrest" allegation bears on the damages resulting from his unlawful arrest. Given Pierce's concession that the phrase does not set forth a distinct cause of action, the court does not perceive any material issue as to its inclusion in Count I. Whether or not seeking damages for his "continued arrest" is redundant in light of the damages sought for his "false arrest," "false imprisonment," and "malicious prosecution" is not a question that must be resolved in the context of a motion to dismiss.

Finally, defendants challenge Count I to the extent that it seeks damages for defendants' allegedly false testimony at trial. To prevent the harassment of witnesses and to promote unrestrained testimony in criminal cases, the Supreme Court has held that witnesses are absolutely immune from suits under 42 U.S.C. § 1983 for providing false testimony at trials. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). This absolute immunity was extended by the Seventh Circuit to include witnesses' testimony in pretrial proceedings, such as motions or preliminary hearings. *Curtis v. Bembenek*, 48 F.3d 281, 285 (7th Cir. 1995).

One exception to this "wall of immunity" for trial and pretrial testimony is for a "complaining witness." *Cervantes v. Jones*, 188 F.3d 805, 809 (7th Cir. 1999), *cert. denied*, 120

S. Ct. 1159 (2000). As complaining witnesses were not absolutely immune at common law, they are not absolutely immune from suits under § 1983. *Malley v. Briggs*, 475 U.S. 335, 340 (1986). A witness' status as a complaining witness is a question of fact; therefore, it is necessary to assess the role of that witness in the judicial proceeding. *Cervantes*, 188 F.3d at 810 n.5 (citing *Anthony v. Baker*, 955 F.2d 1395, 1399 (10th Cir. 1992)).

A complaining witness is one "who actively instigated or encouraged the prosecution of the plaintiff." *Id.* at 810 (internal quotation marks omitted). The fact that a police officer's actions lead to subsequent involvement by prosecutors does not negate the officer's status as a complaining witness. "If police officers have been instrumental in the plaintiff's continued confinement or prosecution, they cannot escape liability by pointing to the decisions of prosecutors or grand jurors or magistrates to confine or prosecute him." *Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir. 1988).

The complaint alleges that Pawelski and Munyon provided the information by which the State's Attorney criminally charged Pierce, fabricated false evidence to inculpate Pierce, generated police documents that falsely reported incriminating facts about Pierce, and testified falsely at Pierce's trial. If proven true, these allegations could lead the trier of fact to conclude that defendants actively instigated and encouraged the prosecution of Pierce. Accordingly, they may qualify as complaining witnesses and, barring a subsequent evidentiary showing by defendants to the contrary, they are not entitled to absolute immunity.

## Conclusion

For the above reasons, defendants' motion to dismiss portions of plaintiff's complaint is granted in part and denied in part. Pierce's state law claims for false arrest and false

9

imprisonment are dismissed as time-barred. The remaining claims may stand. This case is set for status on Thursday, January 4, 2001 at 9:30 A.M.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: December 11, 2000

10